May it please the court, my name is Rebecca Pennell. I represent Steven Ranes. There's three general issues that have been briefed. I'd like to focus on the middle issue. The first issue has to do with the construction and constitutionality of SORNA that has been and is being addressed by the George case. A petition for re-hearing has been filed by myself and George. But if the court agrees with us on the second issue, then you need not reach all those more complicated issues perhaps. With respect to the last issue, if the court does uphold the conviction, the parties agree that the supervised release term needs to be reduced to the six months. So I think the focus for this court is the issue of whether or not there was a valid plea. The government claims that that issue has been waived, but this court repeatedly in decisions by Judge Fletcher and Judge Bybee also, in his bonk decision, has recognized that the fact of a plea does not deprive the court of jurisdiction to review a case. And in Judge Fletcher's decisions have discussed that a plea can only waive an attack on a conviction if the plea is valid. And in this case, the merits of the argument go to whether or not the plea was valid. When you say valid, do you mean it was an improper indictment or do you mean it wasn't sufficient evidence? Well, the facts that were put forth in support of the plea, and Rule 11 requires there be a factual basis for a plea, and this court has recognized that the protections of Rule 11 are designed to make sure that a plea is voluntary. One of the important protections is the factual basis. Which case says that when you've waived your right to appeal, you can attack the factual basis? Well, in Judge Fletcher's case- Tell me about one that talks about indictments and such. Tell me one that's- because we've said, I believe, that you can always attack jurisdiction, because there's no jurisdiction is no jurisdiction. Sure. And the facts- Which case says what you just said? Uncontested facts can show no jurisdiction, but in Judge Fletcher's decision in U.S. versus Venturi, there was an indictment under the Hague Act under a violation of international kidnapping. The indictment stated an offense, but there happened to be a motion to dismiss where the defendant claimed that some civil claims for retaking the child factually made his case such that it didn't state a violation of international kidnapping statute. Judge Fletcher reached the merit saying, look, based on the record before the court, that a jurisdictional claim can be based not just based on the indictment, but on the information before the court at the time of the plea, which would be the facts- that you can look at those facts, that record, to determine whether or not there was a violation of the law. Here, it was very clear- Well, that's saying, if I hear you right, that's saying no matter the plea waiver, you can always attack the facts and say, well, that's just not enough facts. No. I doubt that that's what Judge Fletcher meant when she said what she said when I read that case, and it doesn't really seem to say that. But what you seem to be saying, well, you just didn't have enough evidence of his violation. That's not what I'm saying, Your Honor. I'm saying that there was a mistake of law made by everybody in the courtroom as to whether or not you can violate SORNA when you're homeless. Everyone agreed that Mr. Raines was homeless. It would have been different if the facts hadn't been as well-developed. Then maybe it would be something more properly raised in a 2255. But in this case- In other words, the Attorney General's view in its regulations of how this is to be approached is wrong, is what you're saying. Well, the statute. The statute- Answer my question. You're saying that when the Attorney General issued his regs in the Federal Register, which purports to indicate what the statute means if somebody's homeless, saying, certainly the statute didn't mean that if you're homeless, you don't have to register. That's the way out. If you really want to molest people, go homeless, and then you don't have to register and everything's cool. The Attorney General says, no, that's not the rule. And you do have to indicate when you leave your prior residence, you at least have to say, I've left my prior residence. Now, you're saying that that's invalid. Is that correct? Well, Your Honor, the government hasn't pointed to what regulations the court is referring to. There's no answer to that. No. I don't think that the Attorney General can overturn the statute, that the statute speaks for itself. The statute defines residence as a home or a habitual place of residence. That is flatly the opposite of what the State of Washington, for example, has recognized as homeless, not having a home, not having a habitual place of residence. What if my place of residence is San Bernardino County? That's it. That's the most specific I can get with you, but that's what it is. I live in San Bernardino County. I don't have to register? I don't think that a common understanding of a habitual place of residence would be just the county. No, but I'm not asking what you think is common, because we have a regulation on the subject, or we have the Attorney General in the Federal Register telling us what the rule is supposed to be. What I'm asking you is, as a matter of law, when Congress set a place of residence, as long as you don't have a specific place all the time, then that doesn't work. Is that right? Well, if that's the case, then Mr. Raines was in complete compliance. He remained in Yakima County, and he last told the State of that less than two months before his arrest. So if all that was required is the county of residence, he had done that. That sounds like we have a factual argument. Well, again, the facts that are developed in the plea, I think a fundamental protection that Rule 11 requires is that a person admit to a crime. You may be validly charged with a crime. Now I think you're saying that you can always attack the facts. You just said that. No, I'm not. You said, well, fundamentally, if the facts aren't sufficient to prove the crime, you can always attack your plea. Is that correct? No, I'm not saying that. If the facts on the record show that a person is not guilty, for instance, let's say a person is charged with illegal possession of a firearm and is charged validly under 922G, but the facts developed on the record show that the person actually was convicted of a misdemeanor, and everybody talks about it being a misdemeanor, and everybody made the same mistake of law, then a person should be able to come into court and say there was no jurisdiction. The facts are very clear. Oftentimes it's only in a 2255 that the facts become clear. But here the facts just show this wasn't a law violation, and I think that if nothing else we need to make due care that an individual that appears before a court and facts are laid out, if those facts wouldn't be minimally sufficient to support a jury verdict, they can't be minimally sufficient to support a plea. That's what Rule 11 requires. That's when the court can invoke jurisdiction. But you're right, Judge Fernandez, if the facts had not been sufficiently fleshed out, then I think Mr. Raines's only remedy would be to come in as a 2255 and say my attorney should have pointed out that there weren't facts to support a plea, that this court's jurisdiction wasn't invoked. But here we have a different, unique circumstance where I think everybody was confused. Mr. Raines was only asked, did you not register, and his registration requirements were specific under Washington state law, but the SORNA statute does not have a provision regarding homelessness, and the definition of residence in the SORNA statute, regardless of what the attorney general may want it to say, only applies to habitual places, and I think that the state of Washington has really developed some jurisprudence on that that led to the state of Washington statute being changed. The same mistake has occurred here, and perhaps the same change should occur, but there's really no difference between the way SORNA is written and the way Washington's law was written before it accounted for homeless individuals. Counsel, you indicated that George is not yet final. I have filed a second petition for rehearing. There was an amended decision filed a little over, I think it was about three weeks ago, and I've filed another petition for a hearing on that. Mr. Raines, his case has been on appeal for 18 months now. He's scheduled to be released from BOP custody next month, so we would really ask the court to get to this issue, not the George issue. I would think that if the court ruled in our favor in George, it will not be over for a while. I would ask that the court get to this issue and at least allow Mr. Raines the benefit of the six-month agreement that the government and the defense have agreed to as to supervised release. If there's nothing further, I'll save my 47 seconds. Thank you. Thank you. Mr. Gackey? Your Honors, may it please the Court, I'm James Gackey. I'm Assistant U.S. Attorney in the Eastern District of Washington. This is a bit of a moving target. As the counsel concedes, many of the issues raised in the initial briefing are precluded by George, a case not cited in the defendant's initial briefing before the court. And the government has conceded the third point, that assuming that the conviction is upheld, it must come back for resentencing on the issue of the supervised release issue. So we're left with the primary concern being this relatively new argument that if the person is homeless, they do not apply, SORNA does not apply to them at all. And under the law, it does. The definition set forth in SORNA that counsel cites to, SORNA defines a residence as the location of an individual's home or other place that the individual habitually lives under 42 U.S.C. section 1691 subpart 13. The facts in the plea colloquy, in the plea agreement that the defendant agreed to, agreed were true, established that he knew he was a, there's no facts that were set forth that don't establish he knew that he had to comply with those. And has this matter been waived or not waived? Is this covered by the waiver agreement? I think it is covered by the waiver agreement. He set forth facts that he's not trying to attack. He's coming back and saying, well, the facts I agreed to, I want to attack them now. And even if you get to the issue of, it's essentially now become a challenge to the entire statute, that no homeless person can be subject to SORNA, as Judge Fernandez said, simply by electing to be homeless. That's not the case. That, the provision of the location of an individual's home or other place where the individual habitually lives, a homeless person must habitually live somewhere else. It may be habitually a different place at a different night, but they still are covered by SORNA. They're covered by the definition of the law. A person, just by electing to be homeless, cannot escape the requirements of SORNA. You reside in a county. You reside someplace within that jurisdiction. SORNA requires if you reside in that jurisdiction, you must comply with the notification requirements. He admitted that he did not comply with them. All other issues are essentially conceded. George controls much of this. The ex post facto issues is controlled by George. And the government has conceded the third point. I do not believe the government's position is that the defendant cannot simply elect to be homeless and avoid the requirement to comply with SORNA. In his plea colloquy, when he signed a plea agreement, he admitted that he was in violation of that. There's no facts that he's not coming back to attack that establish that the court did not have, the law did not apply to him, or that the law is constitutionally invalid because it somehow cannot apply to homeless people. What weight should we give the Federal Register DOJ final guidelines? I think great weight. Before you even get to the guidelines, the law itself, I don't believe that the defendant has established that the law itself, before you even get to the regulation, doesn't apply to him. A person can be homeless and have an habitual place to live. The habitual place, again, may be different every day. But SORNA simply says if you change your residence, that may not be on a daily basis. You have to comply with the law. You have to comply with the registration requirements of the statute, or the notification requirements of the statute. And SORNA simply requires that you go into the jurisdiction where you are, in person, within three days of changing your habitual residence, and advise that you've moved, essentially. You do not reside in a different place. Would that require somebody to notify him if he's sleeping on a different grate each night? Well, we kind of don't get to that issue because he factually admitted that he didn't do that. I know. I'm just curious as to what the government's position is on that. Well, it's an interesting question. If he moves from the Salvation Army to a YMCA facility, does he have an obligation to inform them of that? It's an interesting question. I don't think we have to get to it in this case. If somebody had an apartment, they certainly would be responsible for alerting the authorities as to where they were living. If they then stayed over at a friend's house one night, do they have to go and tell them, I'm staying someplace else tonight and I'll be back in my regular apartment tomorrow? I would think technically, yes. If you move to the confines of a new residence at a new address, I think that's an easy question. You would have to technically comply with SORNA. You'd have to go into the... But do you think if they're actually sleeping someplace overnight, someplace else, even for just one night, that they have to alert the authorities? I believe so. But I don't think we have to get to that issue in this case. If the police moves you along from your habitual sleeping place on the street, moves you along every night, but you start out where you want to be, do you have to re-report? Again, I think it's an interesting question, and an interesting question we don't get to under the facts of this case as they are, because the defendant's agreed to a set of facts. He now seeks to rearrange them and to challenge them, but he can't do it. Well, the guidelines say about that, you must give some more or less specific description. It can normally be obtainable, considering the place or places where you habitually live when you're homeless. Information about a certain part of a city, your habitual locale, a park, spots on the street, where you station yourself during the day, where you sleep at night. It could even be restaurants, libraries. That's what they say. They say, if there's a place where the person hangs out, and even a lot of homeless tend to hang out more or less in the same area, they say, you've got to tell us that. That's what they say. That's what the guidelines say anyway. And I don't think that's particularly onerous, and it gets into the issue of... It's less onerous than what you were saying a second ago. It is, but I was saying that from the point of view, we don't have to get to that level of specificity. I think the issue of, if you're 200 feet over on the next grade, I don't think you'd have to go into the office and say, I'm 200 feet over on the next grade. But if you stay in somebody's apartment downstairs, you might have to let them know? I don't think in that instance. Not in the same apartment, because that would have the same residential address. Now, are you within the same block? I would think that would be sufficient. But again, I think those are interesting questions about... Doesn't the word habitual play any role here? I mean, if you spend one night, then that's probably not a habitual. Well, I think it could be habitual. I mean, it depends on how broad you draw the locale. If you're habitually within the same block, even though you're in a different grade or in front of a different residence, in front of a different street light or whatever talisman you want to use, that's habitual. It just depends how broadly you want to draw those set of facts. But again, I don't think we get to any of those issues as interesting as they are for the purposes of this appeal. The defendant agreed to a set of facts. He now would like to re-litigate those facts. But those facts that he agreed to are not sufficient to establish that the law is imperfect and unconstitutional as applied to him. I would like to go back on just the court's point. I would like to modify my answer. If he moved to a different room in the same locale, in the same address, like an apartment or a house, no, I don't think he has to go and tell the authorities in person the next day that he's in the downstairs bedroom as opposed to the upstairs bedroom. It's an interesting question in terms of if he moved a block over or two blocks over. But again, we don't have to get to these set of facts. He's waived that issue. He's established facts that are sufficient to establish that he's violated the government's view that regulations are sufficient and do apply, and he also fits under the law as defined. And when you say that you're referring to the facts he agreed to, it would be, I take it, things like, I'm spending the majority of my nights in my sister's home, that kind of thing? Exactly. And those are the facts he specifically agreed to. The majority of the time he was staying this place or that. That's correct, Your Honor. And he said, and I didn't go and tell the authorities that I was there. In fact, he admits he knew he was noncompliant. He knew there was an arrest warrant out for him, and that's specifically why he didn't want to go talk to the authorities. He knew that he was noncompliant. If the Court has no further questions for me and the government's view, again, this matter is largely controlled by the George case. We've conceded the third point. It must come back to the issue of supervised release and only on the issue of supervised release. As to the issue of the facts, the defendant has agreed to a set of facts that are sufficient under the law to establish that he has violated the indictment for which he was charged. And the conviction should stand. Okay. Thank you. The agreed facts in this case are that Mr. Raines failed to check in with the sheriff every seven days and tell them what he was saying. SORNA does not talk about seven days or require any sort of seven days. SORNA does require sex offenders to check in every three, six, or 12 months, and Mr. Raines fell under that, and he's not in noncompliance with that. Other than that, SORNA requires a change of habitual residence. I would urge the Court to look at the Washington State cases with respect to what has been developed as to habitual residence and intended continual stay. One-day stay is not enough. It couldn't be enough to report every three days where you habitually stayed. You'd have a person reporting every day where they habitually stayed for a day if there is a three-day rule that you have to come in within three days to report it. It makes no sense. How about a place to stay a majority of the nights over the past several weeks? SORNA just does not say that, Your Honor. I'm asking you, what about them? You're just saying it has to say those specific words or it doesn't count? I think it would need to be similar to a Washington State statute which requires of individuals who do not have a specific residence, as we all understand a specific residence as opposed to under a bridge or on a grate. Those individuals have special regulations under Washington State law. Mr. Raines knew he was in violation of that, but what was not understood is that SORNA did not just incorporate Washington State law. It's a different set of regulations, and unlike Washington SORNA, the statute which controls does not address all of this. I understand your point. You're over time, Your Honor. Thank you. And I understand your point. Thank both counsel for the argument. Raines is submitted.
judges: Fletcher B. , Fernandez, Bybee